### In re: AIR CRASH NEAR CLARENCE CENTER, NEW YORK, ON FEBRUARY 12, 2009.

#### MDL No. 2085.

United States Judicial Panel on Multidistrict Litigation.

Oct. 6, 2009.

Before JOHN G. HEYBURN, II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

#### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in the Southern District of New York and District of Connecticut actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Western District of New York. Plaintiffs in the District of New Jersey, Eastern District of New York, and Eastern District of Pennsylvania actions support the motion. Defendants support centralization in the Western District of New York, but suggest that the Panel defer its ruling pending the possible transfer of all actions pending outside the Western District of New York to

that district, pursuant to 28 U.S.C. § 1404(a).

This litigation currently consists of 21 actions listed on Schedule A and pending in six districts as follows: fifteen actions in the Western District of New York; two actions in the District of New Jersey; and one action each in the District of Connecticut, the Eastern District of New York, the Southern District of New York, and the Eastern District of Pennsylvania.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact and that centralization under Section 1407 in the Western District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the cause or causes of the crash of Continental Connection Flight 3407 on February 12, 2009, while on approach to Buffalo Niagara International Airport. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Defendants request that the Panel defer its ruling until Section 1404 motions pending or anticipated in all actions outside the Western District of New York are decided. Six actions are pending in four districts outside the Western District of New York. We are not persuaded that a deferral of our decision is preferable. Section 1407 centralization at this juncture ensures streamlined pretrial proceedings. Moreover, Flight 3407 was carrying many more passengers and, accordingly, additional lawsuits possibly may evolve outside the Western District of New York.

We are persuaded that the Western District of New York is an appropriate transferee district. Eighteen actions already are pending in this district, where the crash occurred and where pertinent evidence and witnesses are likely located. All responding parties agree that pretrial proceedings should take place in the Western District of New York.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of New York are transferred to the Western District of New York and, with the consent of that court, assigned to the Honorable William M. Skretny for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 2085—**IN RE: AIR CRASH NEAR CLARENCE CENTER, NEW YORK, ON FEBRUARY 12, 2009**

*District of Connecticut*
*Margaret Eckert, etc. v. Colgan Air, Inc., et al.,* C.A. No. 3:09–949

*District of New Jersey*
*Gurly Niewood, etc. v. Colgan Air, Inc., et al.,* C.A. No. 2:09–2841
*Jeanie Bryson, etc. v. Colgan Air, Inc., et al.,* C.A. No. 2:09–2900

*Eastern District of New York*
*Pamela Jones, etc. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–1860

*Southern District of New York*
*Xiaojun Pan, etc. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–5145

---

1. The parties have notified the Panel that three additional related actions are pending in the Western District of New York. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

*Western District of New York*

*Jonah Mink, etc. v. Continental Airlines, Inc., et al.,* C.A. No. 1:09–174

*Jennifer West, etc. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–266

*Robin Tolsma, etc. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–267

*James L. Neill, etc. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–294

*Carrie C. Davidson, etc. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–378

*Carrie C. Davidson, etc. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–379

*Karen A. Kuklewicz, etc. v. Pinnacle Airlines Corp., et al.,* C.A. No. 1:09–423

*Dianne Mossop, et al. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–424

*Kelly C. Ries, et al. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–432

*Michael Monachino, etc. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–436

*Robert R. Perry, etc. v. Colgan Air, Inc., et al,* C.A. No. 1:09–440

*Lynn Kushner, et al. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–632

*Howard R. Pettys, et al. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–487

*Paul Beiter, et al. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–488

*Kara Beutel, etc. v. Colgan Air, Inc., et al.,* C.A. No. 1:09–514

*Eastern District of Pennsylvania*

*Rana Beth Lang, et al. v. Colgan Air, Inc., et al.,* C.A. No. 2:09–2965