## IN RE: AIR CRASH NEAR RIO GRANDE, PUERTO RICO, ON DECEMBER 3, 2008.

### MDL No. 2246.

United States Judicial Panel on Multidistrict Litigation.

May 25, 2011.

Before JOHN G. HEYBURN II Chairman, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and PAUL J. BARBADORO, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:*** Pursuant to 28 U.S.C. § 1407, plaintiffs in the Southern District of Florida and Northern District of Ohio *Clapp* actions move for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Florida. This litigation currently consists of five actions listed on Schedule A, four in the Southern District of Florida and one in the Northern District of Ohio.[1] All responding parties support the motion except that defendant the United States, while not opposing centralization in Southern District of Florida, argues that centralization in the District of Puerto Rico is more appropriate.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions as to the crash of an aircraft carrying two passengers on December 3, 2008, on approach to the airport in San Juan, Puerto Rico, while en route from the British Virgin Islands. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary. *See, e.g., In re Air Crash Near Clarence Center, New York, on February 12, 2009,* 655 F.Supp.2d 1355, 1356 (J.P.M.L.2009).

While the air crash took place within the District of Puerto Rico, no parties reside

---

* Judge Barbara S. Jones took no part in the decision of this matter.

1. The parties have notified the Panel that an additional related action is pending in the Northern District of Ohio. This action is a potential tag-along action. *See* Rule 7.1, R.P.J.P.M.L.

1362

within that district and no actions are pending there. We are persuaded that the Southern District of Florida is the most appropriate transferee district. Four actions are already pending there before Judge Kenneth A. Marra, who has conducted a bench trial in one of the actions involving allegations of a fraudulent transfer of assets between two of the defendants. Judge Marra, therefore, is quite familiar with the facts of this litigation. Moreover, some of the defendants reside in this district, and relevant documents and witness likely will be located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Kenneth A. Marra for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

**MDL No. 2246 — IN RE: AIR CRASH NEAR RIO GRANDE, PUERTO RICO, ON DECEMBER 3, 2008**

*Southern District of Florida*

*Chris Turner v. Websta's Aviation Services, Inc., et al.,* C.A. No. 1:11–20869
*Chris Turner v. Ramo, LLC,* C.A. No. 9:09–81609
*Chris Turner v. Websta's Aviation Services, Inc., et al.,* C.A. No. 9:10–81551
*Alexander Kent Clapp, et al. v. Ramo, LLC, et al.,* C.A. No. 9:11–80059

*Northern District of Ohio*

*Alexander Kent Clapp, et al. v. United States of America,* C.A. No. 1:11–00190